JONATHAN S. O'DONNELL (SBN 100051)
jon@mbvlaw.com
DWIGHT C. DONOVAN (SBN 114785)
dwight@mbvlaw.com
JACK PRAETZELLIS (SBN 267765)
jack@mbvlaw.com
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143

Attorneys for Defendants
EBISLOGIC, INC., ASTERIX CONSULTING, INC.,
AND ELITE TECHNOLOGY PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SRICOM, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EBISLOGIC, INC., ASTERIX CONSULTING, INC., ELITE TECHNOLOGY PARTNERS, LLC, VMWARE, INC. and DOES 1 through 20 inclusive,<br><br>　　　　　　Defendants. | Case No. CV12-00904 HRL<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ; MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e) ; AND MOTION TO STRIKE IMPROPER MATTER UNDER RULE 12(f)**<br><br>**Date:**　April 10, 2012<br>**Time:**　10:00 a.m.<br>**Dept.:**　Crtroom 2, 5th Floor<br>**Judge:**　Hon. Howard R. Lloyd |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................3

III. STANDARD ..........................................................................................................4

IV. SUMMARY OF ARGUMENT..............................................................................5

V. ARGUMENT .........................................................................................................7

    A. Sricom Lacks Capacity To Sue. ................................................................7

    B. The Breach Of Contract Claim Against eBisLogic (First Cause of Action) Fails Because The No Hire Provision Is Illegal. ................7

    C. The Breach Of Contract Claim Against Asterix and ETP (Second Cause of Action) Fails Because The So-Called Wrongful Acts Are Protected As A Matter Of Law.................................9

    D. The Breach Of Covenant Of Good Faith And Fair Dealing Claim (Third Cause of Action) Fails Because The So-Called Wrongful Acts Are Protected As A Matter Of Law.................................9

    E. Sricom's Fraud Claim (Fourth Cause of Action) Fails For Lack Of Particularity And For Lack Of Allegations Constituting Fraud.........10

    F. Plaintiff Cannot State A Claim For Violation of Business and Professions Code Section 17200 (Fifth Cause of Action).....................11

VI. CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) ..........................................................................................4, 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1988) ......................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................4, 5

*Cisneros v. Instant Capital Funding Group, Inc.*,
    263 F.R.D. 595 (E.D. Cal. 2009) ..............................................................................10

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ....................................................................................10

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ........................................................................................10

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) ......................................................................................4

*Richmond Technologies, Inc. v. Aumtech Business Solutions*,
    2011 WL 2607158 (N.D.Cal. 2011) ..........................................................................8

*Robinson v. Jardine Ins. Brokers Intern. Ltd.*,
    856 F.Supp. 554 ........................................................................................................8

*Summit Technology Inc. v. High-line Medical Instruments Co.*,
    933 F.Supp. 918 (C.D. Cal. 1996) .............................................................................4

*Tautges v. Global Datacenter Management, Inc.*,
    2010 WL 3988046 (S.D. Cal. 2010) ..........................................................................7

*Thomas Weisel Partners v. BNP Paribas*,
    2010 WL 546497 (N.D. Cal) .....................................................................................8

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ....................................................................................5

*White v. Trans Union, LLC*,
    462 F.Supp.2d 1079 (C.D. Cal. 2006) .....................................................................11

**State Cases**

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ...........................................................................................11

*Thompson v. Impaxx, Inc.*,
    113 Cal. App. 4th 1425 (2003) ..................................................................................8

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

*United Med. Management Ltd. v. Gatto,*
    49 Cal. App. 4th 1736, 1740 (1996) ................................................................................... 7

*VL Systems Inc. v. Unisen, Inc.,*
    152 Cal. App. 4th 708 (2007) ......................................................................................... 8, 9

**State Statutes**

Business and Professions Code:
    § 16600 ............................................................................................................................ passim
    § 17200 ............................................................................................................................ passim

California Corporations Code:
    § 2105 ............................................................................................................................. 1, 5, 7
    § 2203(c) ........................................................................................................................ 1, 5, 7

**Federal Rules**

Federal Rule of Civil Procedure:
    Rule 8 ........................................................................................................................................ 4
    Rule 9(b) ................................................................................................................................ passim
    Rule 12(b)(6) ......................................................................................................................... passim
    Rule 12(e) .............................................................................................................................. passim
    Rule 12(f) ........................................................................................................................ 1, 5, 6, 13

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

91367.01//4842-4549-8123
iii
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12 MOTION     CASE NO. CV12-00904 HRL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 10, 2012, at 10:00 a.m., in Courtroom 2, 5th Floor of the above-entitled Court, or at such other time and place as shall be noticed by the Court upon reassignment of this matter, Defendants Asterix Consulting, Inc., eBisLogic, Inc., and Elite Technology Partners, LLC (collectively, "Defendants") will, and hereby do, move the Court for an order abating the proceeding in light of plaintiff's failure to qualify to do business in California as required by law or, alternatively, for an order dismissing the First, Second, Third, Fourth, and Fifth Claims asserted in Sricom, Inc.'s ("Sricom") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order compelling a more definite statement under Rule 12(e), and for an order striking certain redundant, immaterial, impertinent or scandalous matter from the Complaint pursuant to Rule 12(f).

This motion is made on the grounds that (1) Sricom is not qualified to do business in California and therefore cannot maintain an action in California under California Corporations Code §§ 2105 and 2203(c); (2) Sricom has not alleged facts sufficient to state a claim upon which relief may be granted; (3) Sricom's pleading is so vague and ambiguous that Defendants cannot reasonably prepare a response to certain claims; and (4) Sricom's pleading contains matter that is immaterial or impertinent and should be stricken from the Complaint.

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jack Praetzellis and the pleadings and files in this action, and such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This motion is brought jointly on behalf of defendants eBisLogic, Inc. ("eBisLogic"), Asterix Consulting, Inc. ("Asterix"), and Elite Technology Partners, LLC ("ETP") (collectively, "defendants"). The action is subject to abatement at the outset due to plaintiff's failure to qualify to do business in the State of California as required by law. Assuming that hurdle is overcome, the pleadings are seriously flawed as described below.

The Complaint contains six claims, the first five of which are advanced against these moving defendants. The First Cause of Action is for breach of contract against eBisLogic. The Second Cause of Action is for breach of contract against defendants Asterix and ETP. The Third Cause of Action is for breach of the implied covenant of good faith and fair dealing against all three moving parties. The Fourth Cause of Action is for fraud against eBisLogic. The Fifth Cause of Action is for unfair competition (violation of California Business and Professions Code § 17200) against eBisLogic.

The claims are flawed, in part, because they are predicated upon purported "no hire" provisions in the various contracts. Under California law, prohibitions on employee mobility are contrary to public policy and void. Since the no hire provisions – pleaded in the First through Third Causes of Action – are unenforceable as a matter of law, plaintiff's claims fail. Fed. R. Civ. P. 12(b)(6).

Plaintiff's Second Cause of Action against defendants ETP and Asterix also asserts the breach of a contractual confidentiality provision. This claim is insufficiently specific under Federal Rule of Civil Procedure 12(e). Plaintiff does not allege how defendants breached the confidentiality clause, what information they disclosed, or to whom, nor does it allege any facts giving rise to any claim for damages.

Plaintiff's Fourth Cause of Action for fraud against eBisLogic violates Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") in that it fails to allege the fraud with particularity. Further, to the extent defendants understand the pleading, plaintiff appears to allege that eBisLogic shared pricing information with entities that <u>already knew the pricing information</u>. In addition to the fact that the pleading lacks the particularity required by Rule 9(b), plaintiff does not appear to state a claim for fraud under Rule 12(b)(6) as well.

Finally, plaintiff's claim for violation of Business and Professions Code § 17200 against eBisLogic fails. The cited code section affords relief only in the form of restitution or injunctive relief. There are no allegations that eBisLogic took Sricom's money or property, and therefore there is no recognizable claim for restitution. This claim, too, should be dismissed.

## II.    STATEMENT OF FACTS

The Complaint is not a model of clarity. It attempts to assert claims based on the following facts. Because the Court is required to accept the facts as true for purposes of this motion, defendants repeat the facts here with the caveat that they are merely allegations in the Complaint and that defendants do not admit them.

Plaintiff Sricom provides consulting and contract programming and testing services. (Dkt. No. 1 [Notice of Removal, Exhibit B, Complaint] ("Complaint" ¶ 2.) Defendants eBisLogic, ETP, and Asterix are IT consulting and staffing firms. (*Id.* ¶ 12.)

In September 2010, Defendant VMWare, Inc. ("VMWare") (not a party to this motion) retained eBisLogic to provide it with skilled workers in the technology field. (Complaint ¶ 13.) eBisLogic paid plaintiff Sricom, Inc. ("Sricom"), to find workers for it. (*Id.* ¶ 13.) Sricom in turn contracted with defendants ETP and Asterix to supply workers in furtherance of that relationship. (*Id.* ¶¶ 14-15, 17-22.)

At some point, VMWare required its providers to incorporate "pass through" regulations governing employees and contractors into their agreements with consultants they were providing. (Complaint ¶ 23.) eBisLogic advised Sricom of this requirement, but Sricom refused. (*Id.* ¶ 24.) Consequently, eBisLogic, Asterix and ETP were forced to terminate their relationship with Sricom. (*Id.* ¶ 27.)

Sricom alleges that eBisLogic thereafter "refused to remove the consultants from its client and instead hired/employed the consultant to continue their work for VMware through another agency." (Complaint ¶ 36.) At the same time (in allegations that directly conflict with the prior allegation) SRI alleges that Asterix and ETP "continue to direct their employees to perform work at VMWare." (*Id.* ¶ 47.) Sricom asserts that eBisLogic owes it money, apparently for continuing to supply contractors to VMWare following the termination of its agreement with Sricom. (*Id.* ¶ 40.)

Sricom alleges that defendants Asterix and ETP entered into consulting agreements with Sricom that contained Non-Competition Clauses barring them from having their employees work for VMWare, notwithstanding the termination of the Sricom-eBisLogic agreement. (Complaint

¶¶ 44-45.) Sricom also alleges, in vague terms, that Asterix and ETP violated a confidentiality term in their consulting agreements with plaintiff by "reveal[ing] confidential customer information, employee information and pricing information that are Sricom's sole property and trade secrets." (*Id.* ¶ 51.) This is the factual basis for Sricom's breach of contract claims against Asterix and ETP.

In March 2011, eBisLogic fraudulently induced Sricom to share its "confidential pricing information" at VMWare's request. (Complaint ¶¶ 63-64.) eBisLogic then showed this pricing information to Asterix and ETP to induce both Asterix and ETP to deal directly with eBisLogic. (*Id.* ¶¶ 65-67.) This allegedly caused Asterix, ETP and eBisLogic to breach their agreements with Sricom. (*Id.* ¶ 67.) Curiously, the only information that Sricom actually admits giving to eBisLogic was "modified pricing information," whatever that means. (*Id.* ¶ 75.) Sricom alleges that these acts constitute fraud and unfair business practices (Fourth and Fifth Causes of Action.)

### III.   STANDARD

It is well-established that a "Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory'". *Summit Technology Inc. v. High-line Medical Instruments Co.*, 933 F.Supp. 918, 927 (C.D. Cal. 1996) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). Moreover, while a court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Id.*; *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").

Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual pleading to state a claim, the United States Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Ashcroft*"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

'state a claim for relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. The reviewing court must, therefore, "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.

Furthermore, Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9's heightened pleading standard. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b). *Id*.

For the reasons set forth below, Sricom has failed to plead a plausible claim for relief against defendants.

## IV.   SUMMARY OF ARGUMENT

**Sricom Cannot Maintain An Action In California:** Sricom is not qualified to do business in California. (Declaration of Jack Praetzellis ("Praetzellis Decl.") ¶¶ 2-5.) California Corporations Code §§ 2105 and 2203(c) require this action to be abated until Sricom qualifies to do business and pays whatever penalty is due. Unless and until that happens, no further action is necessary. Notwithstanding, defendants address the remaining deficiencies in the pleading below.

**First Cause of Action for Breach of Contract (against eBisLogic)**: Business and Professions Code § 16600 voids the no hire provision in Sricom's agreement with eBisLogic. Claims premised on restriction of employment should be dismissed under Rule 12(b)(6) for failing to state a claim, and stricken as immaterial under Rule 12(f).

**Second Cause of Action for Breach of Contract (against ETP and Asterix):** First, the claims for breach of a covenant not to compete fail for the same reasons as the First Cause of Action against defendant eBisLogic.  Second, Sricom's claim for breach of a confidentiality provision fails to allege specifics concerning the alleged confidential information disclosed (who, what, where, when, how, why), and the pleading is deficient under Rule 12(e).  While defendants are forced to speculate due to the uncertainty of the pleading, to the extent Sricom alleges that ETP/Asterix disclosed confidential information to eBisLogic, this allegation is inconsistent with Sricom's allegation that Sricom itself disclosed the same confidential information to eBisLogic. (*Compare* Complaint ¶ 51 *with* ¶ 66.)  If that is the case, there is simply no valid room for argument that Sricom was damaged.  Sricom should be required to specifically plead facts identifying the confidential information disclosed and allege some facts on which it could base a claim for damages.

**Third Cause of Action for Breach of Implied Covenant (against all moving defendants):** The implied covenant of good faith and fair dealing cannot and should not be used to resurrect a void contractual provision.  Because the no hire provisions are void, Sricom cannot state a claim for breach of the implied covenant based on breach of the no hire provisions.  *See* Cal. Bus. & Prof. Code § 16600.  Allowing such a claim would allow an end-run around Business and Professions Code § 16600 and be contrary to public policy.  This claim should be dismissed, or Sricom should be required to plead facts that would entitle it to relief absent the unenforceable terms of the agreements, and the no hire allegations should be stricken as immaterial pursuant to Rule 12(f).

**Fourth Cause of Action for Fraud (against eBisLogic):** Rule 9(b) requires a party to state with particularity the circumstances constituting fraud.  This claim should be dismissed for lack of particularity under Rule 9(b) or dismissed for failing to state a claim under Rule 12(b)(6).

**Fifth Cause of Action for Cal. Bus. & Prof. Code § 17200 (against eBisLogic):** Sricom's § 17200 claim fails because there are no allegations that eBisLogic took money or property from Sricom, and there are therefore no facts upon which a restitution claim could lie.

## V.     ARGUMENT

### A.     Sricom Lacks Capacity To Sue.

California Corporations Code §§ 2105 and 2203(c) require a company transacting business in California to qualify to do business in California. Failure to qualify to do business in California bars the entity from maintaining any action here. Cal. Corps. Code § 2203(c). Sricom admits that "at all times herein, Sricom conducted business in California." (Complaint ¶ 2.) Sricom admits it entered into contracts with two California companies to provide contractors to work in California for a time period of over a year, and asserts it is owed over one hundred thousand dollars. (*Id.* ¶¶ 13-14, 17-22.) Sricom admits that it is transacting business in California.

Sricom is not qualified to do business in California. (Praetzellis Decl., ¶¶ 2-5.) As such, it cannot maintain an action here. By law, this action should be abated until Sricom qualifies to do business in California and pays the various fees and penalties relating to its failure to do so earlier. Cal. Corps. Code § 2203(c); *United Med. Management Ltd. v. Gatto*, 49 Cal. App. 4th 1736, 1740 (1996).

### B.     The Breach Of Contract Claim Against eBisLogic (First Cause of Action) Fails Because The No Hire Provision Is Illegal.

The contract provision that Sricom seeks to enforce states "eBisLogic agrees that it will not solicit for hire, or hire any of Contractor's (Sricom's) employees who were performing services through eBisLogic . . . ." (Complaint ¶ 31.) The no hire aspect of this provision is unenforceable. Cal. Bus. & Prof. Code § 16600 ("§ 16600"). Sricom's claim is based on a purported breach of this unenforceable provision, and it therefore fails.

Section 16600 does not mince words: "Except as provided in this chapter, **every contract by which anyone is restrained from engaging in a lawful profession, trade, or business** of any kind **is to that extent void**." (Emphasis added). There is no shortage of law invalidating no hire and anti-solicitation clauses. *Tautges v. Global Datacenter Management, Inc.*, 2010 WL 3988046 at *3 (S.D. Cal. 2010) ("two companies cannot contract to not hire each other's employees-and § 16600-void[s] most contracts preventing employees from moving freely.");

*Richmond Technologies, Inc. v. Aumtech Business Solutions*, 2011 WL 2607158 (N.D.Cal. 2011) (Koh, J.) (holding non-solicitation, non-interference, and non-compete provisions unenforceable on motion for preliminary injunction); *Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1429 (2003) ("Antisolicitation covenants are void as unlawful business restraints except where their enforcement is necessary to protect trade secrets."); *Robinson v. Jardine Ins. Brokers Intern. Ltd.*, 856 F.Supp. 554, 558–59 (N.D.Cal. 1994) (Weigel, J.) (clause "prohibit[ing] Plaintiff from doing any business with Defendant's clients, regardless of who initiates contact" is likely invalid under § 16600).

The contract between Sricom and eBisLogic purports to bar eBisLogic from hiring specific contractors for a period of time. The contract restrains the contractors and eBisLogic from engaging in their trade. It is therefore void.

In *Thomas Weisel Partners v. BNP Paribas*, 2010 WL 546497 (N.D. Cal) (Patel, J.) the Court recently addressed a no hire provision. On a motion to dismiss for failure to state a claim, Judge Patel ruled that a no hire provision preventing a former employee of Company from hiring any other employees of Company for a year after the former employee of Company left Company was void. *Id.* at *6. "California courts would hold the provision at issue in this case unenforceable to the extent that it attempts to restrain a person from hiring his former colleagues after the cessation of his employment with their employer." *Id*. The agreement restrained the mobility of employees of Company in violation of Section 16600 and therefore was void.

> A former employee no hire agreement would serve to restrain mobility in much the same way as a covenant not to compete, albeit perhaps less directly than a customer "no hire" provision. Accordingly, the Agreement is void under section 16600 to the extent that it purports to prohibit [former employee] from hiring [former colleagues] following [former employee's] transition from [former employer] to another company.

*Id.* (emphasis removed).

In a relatively recent decision, *VL Systems Inc. v. Unisen, Inc.*, 152 Cal. App. 4th 708, 716-17 (2007), the California Court of Appeal addressed another no hire provision. There the Court found that a no hire between a customer and a business providing its employees directly to the customer served to restrict ability of employees to engage in their profession. *Id.* at 716-17.

1  Consequently, the Court voided the no hire provision.

2  The Court should dismiss or strike Sricom's claim for violation of the no hire provision
3  because it is unenforceable as a matter of law.  Fed. R. Civ. P. 12(b)(6); Cal. Bus & Prof. Code §
4  16600.

**C.   The Breach Of Contract Claim Against Asterix and ETP (Second Cause of Action) Fails Because The So-Called Wrongful Acts Are Protected As A Matter Of Law.**

This claim vaguely asserts that Asterix and ETP violated a "Non-Competition Clause" by continuing to direct their employees to VMWare following termination of the eBisLogic-Sricom agreement.  For the same reasons discussed in Section B, above, such a claim seeks to enforce a contract term that violates California law and public policy.  Cal. Bus & Prof. Code § 16600.  For this reason, the claim should be dismissed or, alternatively, all reference to this issue should be stricken.

The remainder of the claim asserts that Asterix and ETP "revealed confidential information" and therefore breached the confidentiality clauses in their agreements with Sricom. This claim is hopelessly vague and ambiguous, making it impossible for defendants to reasonably respond to the claim.  *See* Fed. R. Civ. P. 12(e).  There is no mention of what confidential information was divulged, to whom it was divulged, when it was divulged, what the effect of such disclosure was, and how Sricom was damaged as a result thereof.  Defendants respectfully request that the Court dismiss the claim for failure to state a cause of action or, alternatively, require plaintiff to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**D.   The Breach Of Covenant Of Good Faith And Fair Dealing Claim (Third Cause of Action) Fails Because The So-Called Wrongful Acts Are Protected As A Matter Of Law.**

Plaintiff's claim for breach of the implied covenant of good faith is premised exclusively on alleged hiring in contravention of the no hire provision. (Complaint ¶ 58.)  The no hire provision, however, is unenforceable as a matter of law and as discussed above, inapplicable to the circumstances before the Court.  Cal. Bus & Prof. Code § 16600.

Allowing Sricom to state a claim under the implied covenant that it cannot state under

1  contract law because a statute forbids it, would be contrary to public policy. The Court should
2  not permit Sricom to perform an end-run around the law and policy advanced by Business and
3  Professions Code § 16600.

4  Moreover, plaintiff admits that the cause of eBisLogic, Asterix and ETP's decision to
5  terminate their agreements with Sricom was **Sricom's refusal to accept the VMWare pass-**
6  **down provisions**. (Complaint ¶¶ 23-24.) Sricom's own pleading concedes that the cause of the
7  termination of the relationship with Sricom was Sricom's unwillingness to comply with
8  VMWare's requirements. There were no acts of eBisLogic, ETP or Asterix that damaged
9  plaintiff under any reasonable interpretation of the facts. As pleaded, Sricom has not stated a
10 claim entitling it to relief.

### E. Sricom's Fraud Claim (Fourth Cause of Action) Fails For Lack Of Particularity And For Lack Of Allegations Constituting Fraud.

13 Rule 9(b) creates a higher pleading requirement for fraud claims. Sricom must plead
14 "with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The specific
15 allegations of fraud are required to give the defendant notice of the particular misconduct alleged
16 to constitute the fraud. *Cisneros v. Instant Capital Funding Group, Inc.*, 263 F.R.D. 595, 606
17 (E.D. Cal. 2009). Fraud allegations must be accompanied by "the who, what, when, where, and
18 how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997);
19 *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify facts as the
20 times, dates, places, benefits received and other details of the alleged fraudulent activity."). The
21 claim fails to provide these necessary details, and therefore plaintiff should be forced to amend, if
22 it can.

23 Among other things, the pleading fails to identify what "confidential pricing information"
24 was obtained from plaintiff by eBisLogic, and in what manner eBisLogic allegedly used the
25 information "to directly hire Sricom's consultants." Moreover, the purported wrongful use of the
26 "confidential pricing" appears to consist of showing it to Asterix or ETP. (Complaint ¶¶ 66-68.)
27 But, those entities *__already__* knew what Sricom was paying for their respective consultants. (*Id.* ¶¶
28 17-20.)

As far as defendants can glean from the pleading, Sricom's fraud allegations boil down to charges that eBisLogic committed fraud by showing (unspecified) pricing information to people who already knew the information. (Complaint ¶¶ 14-15, 17-20, 66-68.) This cause of action is not sufficiently particular under Rule 9(b) and if defendant's understanding of the vague pleading is correct then it also fails to state a claim entitling Sricom to relief under Rule 12(b)(6).

**F.  Plaintiff Cannot State A Claim For Violation of Business and Professions Code Section 17200 (Fifth Cause of Action).**

A plaintiff has standing to pursue a claim under California Business and Professions Code § 17200 if the plaintiff "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17200. Money damages are not awardable under § 17200. The sole remedies for a private plaintiff are injunctive relief and restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1140, 1149 (2003) (holding "disgorgement of profits allegedly obtained by means of an unfair business practice" is "not restitutionary" and thus is not an available remedy under § 17200, because the plaintiff "does not have an ownership interest in [defendant's profits]").

Restitution is separate from unjust enrichment. Restitution requires the plaintiff to have given eBisLogic money or property. *White v. Trans Union, LLC*, 462 F.Supp.2d 1079, 1083 (C.D. Cal. 2006) (holding that plaintiffs "would be required to show that [defendant] took money directly from them in order to obtain [restitution]" under § 17200).

There are no allegations of any such activity occurring here. Plaintiff does not allege that eBisLogic took money or property from Sricom. As a result, plaintiff cannot state a claim under § 17200.

## VI.  CONCLUSION

There are countless deficiencies in the pleading before the Court. Without even reaching the merits, the Court should stay prosecution of this action until plaintiff complies with California law and qualifies to do business in the State of California.

The claims against eBisLogic fail to state a cause of action. eBisLogic cannot be held liable for breach of an agreement not to hire individuals, as such claims are barred by California

law and public policy favoring an employee's right to freely seek employment. For the same reason, eBisLogic cannot be liable for breaching the implied covenant of good faith and fair dealing relating to the same unenforceable contract provision.

Sricom's claim against eBisLogic for alleged fraud falls far short of the strict pleading requirements imposed by Rule 9(b) of the Federal Rules of Civil Procedure. The complaint lacks any details whatsoever about the "confidential pricing information" that was allegedly fraudulently obtained from Sricom, and how that information was used to damage Sricom. In fact, based on eBisLogic's attempts to speculate as to what Sricom has pleaded there can be no actionable fraud claim, as the pleading appears to allege that eBisLogic provided third parties with "confidential information" that they already possessed!

Sricom has failed to state a claim for violation of California Business and Professions Code § 17200, as the only relief available to a plaintiff under the statute is injunctive relief (which is not pleaded) and restitution. There are no facts pleaded to show that Sricom provided money or property to eBisLogic, and therefore Sricom has failed to allege facts sufficient to sustain a claim for restitution under § 17200.

Asterix and ETP cannot be held liable for breach of a covenant not to compete, as enforcement of that covenant would violate California Business & Professions Code § 16600. For the same reason, Sricom has failed to state a claim against these defendants for breach of the implied covenant of good faith and fair dealing. Finally, Sricom has not pleaded sufficient facts to support a claim for breach of the confidentiality provisions in its agreements with these defendants.

For the reasons stated herein, defendants respectfully request an order of this Court abating the action immediately. If Sricom qualifies to do business with the State of California, defendants request an order of this Court dismissing all claims against them for failure to state a claim under Rule 12(b)(6). To the extent any claims survive this motion, defendants respectfully request an order of the Court requiring plaintiff to amend its claims for fraud and breach of contract to provide a more definite statement under Rule 12(e), to attempt to plead a fraud claim with more specificity as required by Rule 9(b), and to strike all matter that violates California

1  public policy favoring freedom in employment pursuant to Rule 12(f).

DATED: March 1, 2012                                      MBV LAW LLP

                                      By:    /s/ Dwight C. Donovan
                                              DWIGHT C. DONOVAN
                                              Attorneys For Defendants
                                              EBISLOGIC, INC., ASTERIX
                                              CONSULTING, INC., AND ELITE
                                              TECHNOLOGY PARTNERS, LLC

4842-4549-8126, v. 3