United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SRICOM, INC., Plaintiff, v. EBISLOGIC, INC.; ASTERIX CONSULTING, INC.; ELITE TECHNOLOGY PARTNERS, INC.; and VMWARE, INC. Defendants. | Case No.: 12-CV-00904-LHK ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

Before the Court is the motion to dismiss Plaintiff's Complaint filed by Defendants eBisLogic Inc. (eBisLogic), Asterix Consulting, Inc. (Asterix), and Elite Technology Partners, LLC (ETP) (collectively "Defendants"). ECF No. 9. Also before the Court is Defendants' motion to strike portions of the Complaint, and Defendants' motion for a more definite statement. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss with leave to amend. The Court DENIES Defendants' motion to strike and motion for a more definite statement as moot.

## I. BACKGROUND

Unless otherwise noted, the following allegations are taken from the Complaint and are presumed to be true for purposes of ruling on Defendants' Motion to Dismiss. Plaintiff SriCom and Defendants eBisLgic, Asterix, and ETP are all in the business of providing highly skilled

United States District Court
For the Northern District of California

workers and consultants to technology companies. Compl. ¶ 12. The events at issue in this lawsuit arose from a multi-layered arrangement whereby Asterix and ETP provided consultants to SriCom, who provided them to eBisLogic, who provided them to its client, VMware. *Id*. at ¶¶ 13-15.

On September 7, 2010, eBisLogic and SriCom entered into a contract whereby SriCom agreed to find consultants for eBisLogic's clients. *Id*. at ¶ 13. Subsequently, SriCom engaged and entered into contracts with ETP and Asterix to locate the consultants that SriCom would provide to eBisLogic. *Id*. at ¶¶ 14, 15. Asterix then provided one consultant to SriCom, *id*. at ¶ 20, and ETP provided two. *Id*. at ¶¶ 18-19. SriCom identified one additional consultant on its own. *Id*. at ¶ 21.

VMware, the company that ultimately needed the consultants, then entered into a "General Services Agreement" with eBisLogic for the provision of these four consultants to perform work at VMware. *Id.* at ¶ 16. The consultants commenced work at VMware some time around September 9, 2010. *Id*. at ¶ 20.

The trouble began on April 28, 2011, when eBisLogic presented SriCom with a "revised master services agreement,"[1] which contained a set of pass-down requirements for consultants placed at VMware. *Id.* SriCom refused to accept the new terms regarding the pass-down requirements, and informed eBisLogic that SriCom's consultants would be ceasing their work for VMware through eBisLogic, under the terms of the "master services agreement."[2] *Id.* at ¶¶ 24, 25. SriCom also informed eBisLogic that under the terms of their existing contract, neither VMware nor any third party could solicit the SriCom consultants; the consultants could not continue their work at VMware past May 15, 2011; and neither VMware nor eBisLogic could hire the consultants directly until December 2012. *Id*. at ¶ 25.

EBisLogic, Aserix, and ETP then terminated their relationships with SriCom and requested that SriCom allow the consultants to remain at VMware, *id.* at ¶¶ 26-28, but SriCom refused. *Id*. at

[1] The Complaint does not specify which contract this document purported to revise, but it appears that this April 28, 2011 contract was a proposed revision to the September 7, 2010 SriCom/eBisLogic contract.

[2] Again, the Complaint is unclear on which contract SriCom was affirming in this communication, but it appears to be the September 7, 2010 SriCom/eBisLogic contract.

United States District Court
For the Northern District of California

¶ 28. The consultants have continued to work at VMware through eBisLogic, without involving SriCom. *Id*. at ¶ 36.

SriCom filed this lawsuit in state court on December 28, 2011, asserting six causes of action: (1) breach of contract against eBisLogic, (2) breach of contract against Asterix and ETP, (3) breach of the implied covenant of good faith and fair dealing against eBisLogic, Asterix and ETP, (4) fraud against eBisLogic, (5) unfair competition (Cal. Bus. & Prof. Code § 17200) against eBisLogic, and (6) intentional interference with contract relations against VMware. Asterix filed a Notice of Removal on February 23, 2012, ECF No. 1, and the case was reassigned to the undersigned judge on February 29, 2012. ECF No. 7. Defendants filed their motion to dismiss claims 1-5 ("Mot. to Dismiss") on March 1, 2012. ECF No. 6. Plaintiff filed its opposition ("Opp.") on March 15, 2012, and Defendants filed a reply ("Reply") on March 22, 2012. Plaintiff filed a voluntary dismissal of the sixth claim, against VMware, on September 6, 2012. ECF No. 24.

**II. LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not provide detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A complaint alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an

account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id*. (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

## III. ANALYSIS

### A. SriCom's Capacity to Sue

A corporation that is not incorporated in California is required to obtain a certificate of qualification from the Secretary of State before transacting business in California. Cal. Corp. Code § 2105(a). A corporation that fails to do so "shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state, commenced prior to compliance with Section 2105, until it has complied with the provisions thereof," paid the requisite fees, and "has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes. . . ." Cal. Corp. Code § 2203(c).

Defendants argue that SriCom cannot maintain this action under California law on these grounds. Mot. to Dismiss at 5. However, SriCom has now filed both its Certificate of Qualification and its receipts for payment of the fee for that certificate and its required franchise taxes. *See* Declaration of Chung S. Poon in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 11, Exhibits B and C. Defendants have suggested that Plaintiff is required by statute to certify compliance with California Corporations Code § 2203(c). That section, however, requires only that the corporation file receipts indicating payment, which SriCom has done. Accordingly, the Court finds that SriCom does have capacity to bring this action.

### B. Breach of Contract Claim Against eBisLogic

To state a claim for breach of contract under California law, a plaintiff must plead facts establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or

excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008). Under California law, "a contract requires parties capable of consent, the consent of those parties, a lawful object, and sufficient consideration." *ASP Props. Grp. v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1268–69 (2005) (citing Cal. Civ. Code § 1550). In addition, for a contract "'to be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006) (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

The contract at issue here is the September 7, 2010 contract between SriCom and eBisLogic. Compl. ¶ 30. That contract contains a provision preventing eBisLogic from soliciting or hiring SriCom employees who were "performing services through EBISLOGIC, INC. for Clients" for a period of one year. *Id.* at ¶ 31.

Defendants argue that SriCom's claim must fail because SriCom has not pled facts showing the existence of a valid and enforceable contract. Mot. to Dismiss at 7. Specifically, Defendants argue that the contract purports to prevent eBisLogic from directly employing the consultants SriCom had provided, and is invalid and unenforceable under California Business and Professions Code § 16600.

Section 16600 states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void," subject to statutory exceptions not relevant here. Cal. Bus. & Profs. Code § 16600; *see also* Cal. Bus. & Profs. Code § 16601–07 (codifying exceptions for non-compete agreements associated with the sale or dissolution of certain businesses and addressing other special circumstances). As Defendants point out, nonsolicitation and no-hire agreements are generally void under this provision. *See, e.g.*, *VL Systems, Inc. v. Unisen, Inc.*, 152 Cal. App. 4th 708 (2007); *Thomas Weisel Partners LLC v. BNP Paribas*, C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010), at *5-6. In its recent decision in *Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937, (2008), the California Supreme Court confirmed the continued viability and breadth of Section 16600. The Court explained that by

enacting Section 16600, the California legislature intended to further "a settled legislative policy in favor of open competition and employee mobility." *Edwards*, 44 Cal.4th at 946. Thus, Section 16600 is a broad prohibition on "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind." Cal. Bus. & Profs. Code § 16600.

This broad prohibition has, however, been occasionally subjected to specific exceptions. In particular, SriCom relies on *Webb v. West Side District Hospital*, 193 Cal. App. 3d 946 (1983), in which the Court held that an agreement requiring a hospital to pay an additional fee if it directly hired any doctors originally placed there by a staffing agent was not void under Section 16600. In *Webb*, the Court noted that the staffing agent's "economic interest was . . . valuable and protectable: without recoupment of the recruitment expenses he had incurred, [the consultant] became vulnerable to unfair exploitation of his labors." *Id.* at 954. SriCom argues that *Webb* created an exception to Section 16600 where staffing agencies are involved.

Defendants rely on *Edwards* for the proposition that even if that were once a generally applicable exception, now, "[n]oncompetition agreements are invalid under section 16600 in California even if narrowly drawn, unless they fall within the applicable *statutory* exceptions." *Id.* at 955 (emphasis added). Since the *Webb* exception was judicially created, Defendants argue, it cannot continue to exist post-*Edwards*. Reply at 2. The contract term at issue here, however, is not a noncompetition agreement like that discussed in *Edwards*, but rather a nonsolicitation and no-hire provision. *See Thomas Weisel Partners LLC v. BNP Paribas*, C 07-6198 MHP, 2010 WL 546497 (N.D. Cal. Feb. 10, 2010) (distinguishing among five separate types of provisions potentially implicating Section 16600). The plain language of *Edwards*, then, does not necessarily eliminate the exception recognized in *Webb*.

The reasoning in *Edwards*, however, forecloses continued reliance on *Webb*. Specifically, *Edwards* rejects the contention that Section 16600 "embrace[s] the rule of reasonableness in evaluating competitive restraints." 44 Cal. 4th at 947. *Webb* is premised on the notion that restraints on direct hiring in the staffing agent context were unreasonable when weighed "by balancing, in the light of all the circumstances, the respective importance to society and the parties

United States District Court
For the Northern District of California

of protecting the activities interfered with on the one hand and permitting the interference on the other." *Webb*, 144 Cal. App. 3d at 951. Without the rule of reasonableness, *Webb* cannot stand.

Thus, the question here is whether, under the literal terms of the statute, "anyone is restrained from engaging in a lawful profession, trade, or business of any kind." Cal. Bus. & Profs. Code § 16600. The contract at issue here unequivocally purports to restrain the consultants SriCom had placed with eBisLogic from working directly for eBisLogic. Accordingly, Section 16600 voids the provision. Because SriCom's claim is based entirely on this provision,[3] SriCom has not alleged the existence of a valid and enforceable contract. Defendants' motion to dismiss is GRANTED.

**C. Breach of Contract Claim Against Asterix and ETP**

SriCom asserts breaches of two distinct contract provisions: breach of a non-competition clause in the contracts SriCom had with Asterix and ETP, and breach of a confidentiality clause in the same contracts.[4]

Noncompetition Clause

SriCom has alleged that its contracts with Asterix and ETP contained a clause that "prevents Asterix and ETP and its employees from providing, developing, or implementing software solutions, systems, integration services or information technology service for any client or entity which it has provided services in any capacity on behalf of SriCom." Compl. ¶ 45.

As established above, to state a claim for breach of contract, a plaintiff must allege the existence of a valid and enforceable contract. Section 16600, read in light of *Edwards*, is a clear prohibition on any noncompetition clause that does not fit into one of the statutory exceptions.

---

[3] To the extent that SriCom intends to assert breach of any other term of this contract, SriCom has failed to identify the relevant contract provision or the act that constitutes breach. The only contract term discussed in the Complaint is the nonsolicitation/no-hire clause. *See* Compl. ¶¶ 31, 38. SriCom has not specified whether its claim that eBisLogic "refuses to then pay the full amount owed," *id*. at ¶ 32, refers to what is owed under the invalid noncompetition clause, or owed under some other part of the contract. Accordingly, SriCom has not stated a claim for violation of any other contract term.

[4] The complaint does not specify whether the two contracts—the SriCom/Asterix contract and the SriCom/ETP contract—were identical. They are, however, described in identical terms. Compl. ¶¶ 14-15. Accordingly, the Court will assume that Plaintiff is alleging that each of the two identical contracts was breached in two ways: a non-competition clause breach and a confidentiality clause breach.

SriCom has not, and cannot, argue that any of the statutory exceptions apply here. As the clause is undeniably a noncompetition clause that restrains employees from engaging in a lawful profession, trade, or business, it too is void under Section 16600. Accordingly, SriCom has not alleged the existence of a valid and enforceable contract, and Defendants' motion to dismiss this claim is GRANTED as to the noncompetition clause.

Confidentiality Clause

SriCom has alleged that its contracts with Asterix and ETP contain a clause that requires all parties to "regard and preserve as confidential any and all informed [sic] shared by each other" and acknowledges that "any information received from BUYER [i.e. SriCom] or its clients is the sole property of BUYER of [sic] its clients as the case may be, and SELLER [i.e. ETP and Asterix] or its representatives, will not utilize such information except in the performance of this Agreement." Compl. ¶ 50. This allegation is sufficient to satisfy the first element of the breach of contract claim, the existence of a valid contract. SriCom has also alleged that it has fully performed under the contract, in satisfaction of the second requirement. *Id*. at ¶ 53.

The third requirement is that Plaintiff must allege Defendant's breach. Here, SriCom has asserted that Asterix and ETP revealed "customer information, employee information, and pricing information." *Id*. at ¶ 51. However, the Complaint does not allege any facts concerning what specific information was revealed, when, how, or to whom it was revealed, or whether or how Asterix and ETP used this information. A complaint does not suffice "if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). SriCom's allegations amount to a conclusory assertion that there has been a breach, with no factual support. Though SriCom attempts to provide more facts in its opposition, "[a]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Res. Dev. Services, Inc.*, 5:10-CV-01324-JF PVT, 2010 WL 4774929 (N.D. Cal. Nov. 16, 2010). The Complaint as filed does not allege sufficient facts to state a claim for breach of the confidentiality clause. Defendants' motion is GRANTED as to the confidentiality clause.

**D. Breach of Covenant of Good Faith and Fair Dealing**

California law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Wolf v. Walt Disney Pictures and Television*, 162 Cal.App.4th 1107, 1120 (2008). Breach of an express contractual provision is not a necessary prerequisite to a claim for breach of the implied covenant. *Brehm v. 21st Century Ins. Co.*, 166 Cal.App.4th 1225, 1235–36 (2008). Rather, "the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990). "The precise nature and extent of the duty imposed will depend on the contractual purposes." *Egan v. Mutual of Omaha Insurance Co.*, 24 Cal. 3d 809, 818 (1979).

Based on this legal framework and the facts alleged in its Complaint, SriCom has stated a plausible claim for breach of the implied covenant of good faith and fair dealing. SriCom has alleged that it had written contracts with eBisLogic, ETP, and Asterix. Compl. ¶¶ 13-15. Therefore, Defendants had a duty to execute the contracts' purposes in good faith. The exact nature and scope of this duty is a factual inquiry and is based on the purposes of the contracts, the express terms of the contracts, and the reasonable expectations of all parties.

SriCom has alleged that Defendants acted to deprive SriCom of the benefits under its contracts by directly hiring the consultants SriCom had placed, without compensating SriCom. *Id.* at ¶ 58. Such conduct could violate the implied covenant of good faith and fair dealing even if it does not violate the literal terms of valid contracts, as it could frustrate SriCom's rights to the benefits for which it contracted under terms of the contracts that remain valid, specifically, continued compensation for the consultants SriCom identified for placement at VMware. Even though the facts may eventually show that Defendants did not violate the implied covenant of good faith and fair dealing, SriCom's Complaint contains sufficient facts to state such a claim at this stage of the litigation. Defendants' motion to dismiss this claim is DENIED.

**E.  Fraud**

United States District Court
For the Northern District of California

To state a cause of action for fraud, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 974 (1997). This cause of action must meet Rule 9(b)'s heightened pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted).

Here, SriCom has alleged that eBisLogic made a request for confidential pricing information from SriCom on March 12, 2011, claiming it was for one purpose when actually it was for another. Compl. ¶¶ 64, 65. SriCom has alleged that eBisLogic indicated that VMware had requested the information, when in fact, it was eBisLogic that wanted it for the purpose of depriving SriCom of its share of the profit from placing the consultants. SriCom has identified what was misleading and why, when the misrepresentation was made, and in what context. *Id*. at ¶¶ 63, 64. These allegations are sufficient to satisfy the misrepresentation and scienter requirements for a fraud claim.

SriCom has further alleged that eBisLogic was "seeking to find a way around SriCom in order to directly hire SriCom's consultants." *Id*. at ¶ 66. This allegation suffices to establish intent to defraud. SriCom also alleges that "[h]ad plaintiff known the actual facts it would not have taken such action. Plaintiff's reliance on defendant eBisLogic's representations was justified because of the general service agreement the parties had entered into." *Id*. at ¶ 69. These allegations satisfy the justifiable reliance requirement for a fraud claim. Finally, SriCom has alleged resulting damage. *Id*. at ¶ 70.

In sum, SriCom has alleged facts establishing all five of the required elements for fraud. Further, SriCom has identified the "who, what, where, when, and why" of the specific misconduct

charged. Accordingly, SriCom has stated, with sufficient particularity, a claim for fraud, and Defendants' motion to dismiss this claim is DENIED.

**F. Unfair Competition**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).

Defendants argue that the UCL requires a plaintiff to make a claim for either a restitutionary or an injunctive remedy. Mot. to Dismiss at 11. Defendants are correct that California law requires the dismissal of a complaint under the UCL that fails to demand either injunctive or restitutionary relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003). Thus, the question here is whether the relief SriCom has requested can be categorized as restitionary, in which case SriCom may have stated a claim, or whether, instead, SriCom is seeking damages or disgorgement of Defendants' profits, neither of which would state a claim for relief under the UCL.

Under the UCL, "'the concept of restoration or restitution . . . is not limited only to the return of money or property that was once in the possession of that person. Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest.'" *Lozano v. AT & T Wireless Servs. Inc.*, 504 F.3d 718, 733–34 (9th Cir. 2007) (quoting *Juarez v. Arcadia Fin., Ltd.*, 152 Cal.App.4th 889 (2007)). For example, a plaintiff has a vested interest in unpaid wages and therefore may state a restitution claim under the UCL to recover such lost money or property. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 177–78 (2000). The California Supreme Court has made clear, however, that a mere "expectation interest" is not a "vested interest" for purposes of stating a claim for restitution under the UCL. *See Pineda v. Bank of Am*erica, 50 Cal.4th 1389, 1401–02 (2010).

SriCom's request for relief under the UCL states that "[a]s a direct and proximate result of the foregoing conduct, defendants have been unjustly enriched. Plaintiff SriCom is entitled to

$105,714, plus interest, and an uncertain sum of fees it is owed from the consultants continued work for VMware." Compl. ¶ 78. SriCom has not explained why it believes it is entitled to the stated amount—whether it is the amount of money Defendants allegedly made by illegally employing the consultants, or whether it is the amount owed under one of the contracts at issue for work already performed, or some other source entirely. Further, SriCom has not specified from whom it is allegedly owed fees for the consultants' continued work, whether its claim is for pre- or post-termination work, and whether it had a vested interest in those fees under any of its contracts with any party, or rather had simply been hoping to earn those amounts under its contracts in the future. Without further allegations concerning the specific relief requested, the Court cannot determine whether SriCom is claiming money in which it had a vested interest, a mere expectation interest, or no actual interest at all. Thus, SriCom has not sufficiently stated a claim for relief under the UCL, and Defendants' motion to dismiss is GRANTED.

**G. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127, 1140 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Similarly, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 532 (9th Cir. 2008).

SriCom's claims fail because SriCom has not alleged sufficient facts to state a claim for each of the causes of action being dismissed. Further and more detailed allegations could potentially cure the defects in each of SriCom's dismissed claims.[5] Accordingly, SriCom's claims for breach of contract against eBisLogic, Asterix, and ETP, and for violation of the UCL are dismissed with leave to amend.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with leave to amend as to SriCom's breach of contract claims against eBisLogic, Asterix, and ETP, and UCL claim, and DENIES Defendants' motion as to SriCom's breach of the covenant of good faith and fair dealing and fraud claims. The Court also denies as moot Defendants' motion to strike and motion for a more definite statement, as they pertain only to the breach of contract claims, which have been dismissed. Plaintiff shall file an amended complaint, if any, within 21 days of this Order. Plaintiff may not add new claims or parties absent a stipulation of the parties or a Court Order pursuant to Fed. R. Civ. P. 15(a)(2). If Plaintiff fails to timely file an amended complaint or fails to cure the deficiencies identified in this Order, Plaintiff's claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 13, 2012

Lucy H. Koh

LUCY H. KOH
United States District Judge

[5] Though of course further factual allegations will not state a claim under contract terms that are void under California law, each of the contracts contained additional terms that may be valid, and under which SriCom may have been attempting to allege a violation. Accordingly, SriCom may still allege facts stating a claim for breach of these contracts, and amendment will not be futile.